**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:14-CR-46.1 |
| | ) | |
| ESTHER GERALDINE FRANKLIN | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Esther Franklin's *pro se* motion for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 794 to the United States Sentencing Guidelines [D. 100]. On December 16, 2014, Ms. Franklin pled guilty to Count One of the Indictment, charging her with conspiring to distribute Oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). She also pled guilty to Counts Three and Four, charging her with possessing a firearm in furtherance of a drug trafficking crime and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 924(c)(1) and 922(g)(1), respectively. A conviction under Count Three requires a mandatory minimum of five years' imprisonment, which must be served consecutively to any other term of imprisonment imposed.

In light of this mandatory minimum and based on an offense level 23 and a criminal history category III, the probation officer calculated Ms. Franklin's effective advisory guideline range as a term of imprisonment between 117 and 131 months. This calculation, contained in the Presentence Investigation Report, accounted for a four-level enhancement under U.S.S.G. § 3B1.1(a), based on Ms. Franklin's aggravating role in the offense as an organizer or leader. Ms. Franklin objected to the application of this enhancement.

1

At the sentencing hearing on April 30, 2015, the Court heard evidence on the issue and concluded that Ms. Franklin's role in the offense did not warrant a four-level enhancement. However, the Court determined that Ms. Franklin had served as a manager or supervisor in the criminal activity, and thus, a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) was appropriate. This reduced her properly calculated effective guideline range to 111 to 123 months. Then, after considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Ms. Franklin to 120 months' imprisonment, followed by three years of supervised release [D. 91].

In September 2015, Ms. Franklin filed a motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines [D. 95]. This motion was denied because she had already received the full benefit of this amendment at sentencing [D. 98]. In May 2018, Ms. Franklin filed the instant motion [D. 100] seeking a reduction in her sentence in light of Amendment 794, which took effect on November 1, 2015.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). One such exception is found in 18 U.S.C. § 3582(c)(2). That statute authorizes a court to reduce a prison sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment, such as Amendment 794. 18 U.S.C. § 3582(c)(2). *See United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016) (holding that Amendment 794 applies retroactively).

Amendment 794 addresses U.S.S.G. § 3B1.2, which authorizes a sentencing court to decrease a defendant's offense level if it finds that the defendant had a mitigating role in the criminal

activity. The amendment does not change the language of § 3B1.2, but amends the application notes to clarify a circuit split and to provide additional guidance to courts in determining whether a mitigating-role adjustment applies. *United States v. Ednie*, 707 F. App'x 366, 372 (6th Cir. 2017) (discussing Amendment 794). The Sixth Circuit has made clear that a sentencing court may not deny a defendant's request for a mitigating-role adjustment *solely* on the basis that she played an "indispensable" role in the offense, and that failure to properly consider the factors contained in the application notes may constitute an abuse of discretion. *Id.* (holding that "the district court committed a legal error in overruling defendant's objection for a reason explicitly disavowed by the Guidelines Application Notes").

In her motion, Ms. Franklin says that this Court "erred in failing to consider … a minor role reduction because she was not a leader or major player in the offense," and that "the evidence plainly demonstrates that she was minimally culpable…." [D. 100, at 4]. Both assertions are patently incorrect. At the sentencing hearing, the Court heard evidence regarding Ms. Franklin's role in the offense and specifically concluded that she had played an aggravating role. It defies logic to suggest that a defendant may simultaneously qualify for an aggravating role under § 3B1.1 *and* a mitigating role pursuant to § 3B1.2. Because Ms. Franklin is clearly not entitled to a decreased offense level in light of Amendment 794, her motion for a sentence reduction [D. 100] is **DENIED**.

    **IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE