UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:14-CR-46-TAV-DCP-1 |
| ) | |
| ESTHER GERALDINE FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's pro se motion requesting a judicial recommendation regarding defendant's placement in a Residential Re-entry Center ("RRC") [Doc. 109]. Specifically, defendant requests that she be able to spend the nine (9) to last twelve (12) months of her sentence in a RRC, also known as a halfway house. In support of her motion, defendant notes that she has continuously worked toward her education, received additional programming to prepare herself for release, and maintained a clear conduct record, with only one incident report [*Id*. at 5].

Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons, to be determined on an individual basis upon consideration of several factors, including "any statement by the court that imposed the sentence. . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)). Typically, because the Bureau of Prisons is in a superior position to determine the appropriate time and manner of community reentry, the Court declines a defendant's

invitation to make any specific recommendation on this type of matter. However, upon review of the record in this case, including defendant's letter to the Court outlining her request, the Court will **GRANT** the defendant's motion [Doc. 109] to the extent that the Court will request the Bureau of Prisons to give serious consideration to defendant's request to spend the last nine (9) to twelve (12) months of her sentence in a RRC.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE